IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 4:08-CV-01555 DDN |
| BUILDERS' MUTUAL CASUALTY COMPANY, ) ) ) ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
FOR EXPEDITED DISCOVERY**

Defendant Builders' Mutual Casualty Company ("Defendant"), by and through its undersigned counsel, and for its Memorandum in Support of Defendant's Motion for Expedited Discovery, states as follows:

**I.     Statement of the Case**

Plaintiff Builders Mutual Insurance Company ("Plaintiff") has brought several claims against Defendant including federal trademark infringement, federal unfair competition, trademark dilution, common law trademark infringement, common law unfair competition, violation of the Anti-Cybersquatting Consumer Protection Act, and a request for preliminary injunction.  Plaintiff has requested that the preliminary injunction hearing be scheduled as soon as possible and has requested a hearing date on November 19 or 24, 2008.

Defendant must obtain expedited discovery to discover highly relevant information regarding the facts at issue to adequately prepare its response to the motion and for the preliminary injunction hearing.  Specifically, Defendant requests that, prior to the hearing on

Plaintiff's Motion for Preliminary Injunction, the following actions be taken with respect to discovery:

    a.    Plaintiff must provide available dates for depositions of all eleven (11) witnesses that provided affidavits in support of its Motion, at least two (2) weeks before any hearing on the Motion for Preliminary Injunction;

    b.    That Defendant be allowed to conduct written discovery of Plaintiff immediately under Fed. R. Civ. P. 26(d)(1);

    c.    That any response to Interrogatories, Requests for Production, or Requests for Admission served by Defendant on Plaintiff be provided to Defendant within ten (10) days of this discovery being served on Plaintiff;

    d.    That any documents or things responsive to Requests for Production served by Defendant on Plaintiff be provided to Defendant within ten (10) days of this discovery being served on Plaintiff; and

    e.    That Defendant can take the deposition of any witness upon three (3) calendar days' notice.

## II.    Standard of Review

Federal district courts have broad discretion with respect to discovery motions and will be overturned on appeal only for "gross abuse of discretion resulting in fundamental unfairness at trial." Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (internal quotations omitted). Included within that broad discretion is the ability to order expedited discovery. *See* Fed. R. Civ. P. 26(d) (allowing courts to set the timing of discovery "for the parties' and witnesses' convenience and in the interests of justice"); Fed. R. Civ. P. 30(a)(2)(iii) (authorizing leave of court to take depositions before time specified in Rule 26(d)); Fed. R. Civ. P. 33(a), (b)(2),

34(b)(2)(A), 36(a)(3) (authorizing court to order interrogatories be answered before pretrial conference and authorizing court to order a "shorter time" for responses to written discovery).

### III.    Argument and Authorities

Courts routinely grant expedited discovery in cases involving claims of trademark infringement, unfair competition, and requests for preliminary injunction. *See e.g.*, Sports Design and Development, Inc. v. Schoneboom, 871 F.Supp. 1158, 1167 (N.D. Iowa 1995) (granting expedited discovery where defendant accused of trademark infringement and unfair competition needed expedited discovery to adequately prepare for preliminary injunction hearing); Pods-Ners, L.L.C. v. Northern Feed & Been of Lucerne, L.L.C., 204 F.R.D. 675, 676 (D. Col. 2002) (recognizing that "good cause [for expedited discovery] frequently exists in cases involving claims of infringement and unfair competition" and "expedited discovery may be appropriate in cases where the plaintiff seeks a preliminary injunction"); Ellsworth Assoc., Inc. v. United States, 917 F. Supp. 841, 844 (D. D.C. 1996) (stating that "expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings").

Courts use one of two standards to determine whether a party is entitled to conduct expedited discovery: the "good cause" standard or a standard similar to that for obtaining a preliminary injunction. Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D. Mo. 2008). Although the Eighth Circuit has not adopted either standard, the Court has suggested that the good cause standard is the appropriate standard. Id. "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party." Id.

In this case, Defendant is clearly entitled to expedited discovery. Good cause exists because Defendant needs expedited discovery regarding the facts at issue to adequately prepare its response to the motion and to prepare for the preliminary injunction hearing. Expedited discovery will serve to narrow the issues and assist the parties in presenting the case to the Court. Defendant will suffer irreparable injury if not granted expedited discovery because Defendant's counsel will not be able to adequately prepare its response to the motion and for the preliminary injunction hearing. Any potential inconvenience or prejudice to Plaintiff pales in comparison to the risk of injury Defendant faces and is further offset by the fact that Plaintiff chose to file this Motion, chose to include eleven (11) affidavits, and is the one seeking expedited relief from this Court.

## IV.    Conclusion

An order permitting the parties to engage in discovery prior to the hearing on the Motion for Preliminary Injunction is necessary for Defendant's counsel to adequately prepare for the hearing, which in turn will assist the Court in ruling on the Motion for Preliminary Injunction.

WHEREFORE, Defendant Builders' Mutual Casualty Company respectfully requests that the Court grant its Motion for Expedited Discovery, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

POLSINELLI SHALTON FLANIGAN SUELTHAUS PC


By: /s/ Keith J. Grady
    KEITH J. GRADY  (#58180)
    Direct:  314-552-6883
    JOHN M. CHALLIS (#507240)
    Direct:  314-889-7057
    MARK B. GREBEL (#555633)
    Direct: 314-622-6620
    100 South Fourth Street, Suite 1100
    St. Louis, Missouri  63102
    Main:  314-889-8000
    Fax:    314-231-1776
    kgrady@polsinelli.com
    jchallis@polsinelli.com
    mgrebel@polsinelli.com

ATTORNEYS FOR DEFENDANT
BUILDERS' MUTUAL CASUALTY COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that on October 24th, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent Notice of Electronic Filing to the following:


Michael J. Hickey, Esq.
Bridget Hoy, Esq.
Lewis, Rice & Fingersh, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
mhickey@lewisrice.com
bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF
BUILDERS MUTUAL INSURANCE COMPANY


        /s/  Keith J. Grady


054677 / 127984
MBGRE  397832

5