**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY, ) ) ) | |
| v. ) ) | Case No. 4:08-CV-01555 DDN |
| BUILDERS' MUTUAL CASUALTY COMPANY, ) ) ) | |

**PLAINTIFF BUILDERS MUTUAL INSURANCE COMPANY'S RESPONSE TO DEFENDANT'S MOTIONS AND MEMORANDA FILED OCTOBER 24, 2008**

Defendant Builders' Mutual Casualty Company asserts that it is "anxious to have its name cleared," yet seeks to delay the hearing on Plaintiff's Motion for Preliminary Injunction based on Defendant's hyperbolic unsupported need for unfettered and unilateral discovery, including the incredible assertion that Defendant "will actually need more discovery to adequately respond to the Motion [for Preliminary Injunction] that it will for the trial in this matter." Defendant's Response to Plaintiff's Request for Hearing, p. 5 n. 2 [Docket No. 14]. Despite its seeming preoccupation with the dispute, Defendant failed to respond to the Motion for Preliminary Injunction in a timely manner violating Local Rule 7-4.01.

Defendant should be required to change its operating name as soon as possible and an expedited hearing is fully justified so that Defendant will finally stop infringing on Plaintiff Builders Mutual Insurance Company's federal registered "BUILDERS MUTUAL" trademark. A hearing on its Motion for Preliminary Injunction should take place on November 24, 2008, because only limited discovery is necessary. Plaintiff Builders Mutual respectfully requests that the Honorable Court ensure that discovery is narrowly tailored to the issues raised by the Motion for Preliminary Injunction and therefore, it can reasonably be completed on an expedited basis in advance of the hearing.

1494884

I.    **THIS COURT SHOULD PROVIDE PARAMETERS TO AFFORD BOTH SIDES AN OPPORTUNITY TO ENGAGE IN REASONABLE LIMITED DISCOVERY WHICH IS NARROWLY TAILORED TO THE ISSUES RAISED IN THE PRELIMINARY INJUNCTION.**

Defendant's papers are predicated on the false premise that Defendant somehow needs extensive and burdensome discovery to adequately respond to the Motion. Id. Defendant's excessive demands notwithstanding, discovery on preliminary injunctions should not be open-ended or overly burdensome, but should be limited and narrowly tailored to the issues relevant to the preliminary injunction motion.

Multiple courts have recognized that, while discovery may be appropriate in some instances in advance of a preliminary injunction hearing, it should be limited or else "one party could overwhelm the other with requests not narrowly tailored to issues relevant to the motion for a preliminary injunction." Nintendo of Am., Inc. v. Nyko Techs., Inc., 2008 U.S. Dist. LEXIS 72714, at *2 (W.D. Wash. Sept. 24, 2008); see also Motel 6 Operating, L.P. v. Gaston County, 2008 U.S. Dist. LEXIS 81645, at *16-17 (W.D.N.C. Sept. 18, 2008) (discovery "will not be open-ended" and "shall be narrowly tailored to the four elements of a preliminary injunction"); Hydropartners, LLC v. Econergy Energy Generation Ltd., 2008 U.S. Dist. LEXIS 36042, at *4 (N.D. Ohio Apr. 16, 2008) (permitting "limited" discovery "narrowly tailored" to the "issue central to the requested injunctive relief"); Ellsworth Assoc., Inc. v. United States, 917 F. Supp. 841, 844 (D.D.C. 1996) (permitting expedited discovery where "narrowly tailored") (cited by Defendant at p. 3 of its Memorandum in Support of Motion for Expedited Discovery [Docket No. 16]).

In most instances (and in each of the three cases cited by Defendant at page 3 of its Memorandum regarding expedited discovery), it is Plaintiff that seeks expedited discovery, for fear of spoliation or other concerns about the defendant's activities. See, e.g., Sports Design &

2

Dev't, Inc. v. Schoneboom, 871 F. Supp. 1158, 1166-68 (N.D. Iowa 1995); Pods-Ners, L.L.C. v. Northern Feed & Been of Lucerne, L.L.C., 204 F.R.D. 675, 676 (D. Colo. 2002); Ellsworth, 917 F. Supp. at 844-45.

None of Defendant's cases support its position. Instead, Defendant confoundingly turns the rationale for expedited discovery on its head, claiming that only Defendant should be permitted to conduct pre-hearing discovery and, moreover, that it should be full-blown discovery, even in excess of what is necessary for trial on the merits. Such an unfettered request for unilateral discovery should be denied.

Not surprisingly, Defendant has made no specific request or suggestions regarding the necessary documents or information it requires other than deposition of Plaintiff's affiants. Rather, Defendant vaguely asserts that expedited discovery "will serve to narrow the issues" for the Court and says it will suffer "irreparable injury" if not granted expedited discovery. See Defendant's Memorandum in Support of its Motion for Expedited Discovery, p. 4 [Docket No. 16]. Defendant has failed to demonstrate any good cause whatsoever to support its request for unlimited expedited discovery.

In reality, extensive discovery is not required for resolution of Plaintiff's Motion for Preliminary Injunction. Plaintiff, not Defendant, has the burden to show the threat of irreparable harm and that injunctive relief is justified. See Arthur J. Gallagher Risk Mgmt. Serv. Inc. v. Kinsey, No. 4:08-CV-635, 2008 U.S. Dist. LEXIS 39043, at *2 (E.D. Mo. May 14, 2008). Builders Mutual presented its principal evidence regarding the undisputed facts about the "BUILDERS MUTUAL" trademark and Defendant's impermissible use. The federally registered trademark for "BUILDERS MUTUAL," is prima facie evidence of the mark's validity. Further, Builders Mutual has built up substantial goodwill and acquired secondary meaning in its

3

BUILDERS MUTUAL mark.  Defendant is using the BUILDERS MUTUAL mark as part of its operating name, for two of its websites, and now even as part of its President's own email.  See Exhibit A attached hereto (listing Defendant's President, Kent "Hoot" Gibson, as having an email address hoot@bldrsmutual.com).  The exhibits speak for themselves, the facts are simple and straightforward, and discovery will not change the facts already submitted to the Court.

The only discovery Defendant specifically identifies to the Court as needed are depositions of each of the eleven affiants identified in Plaintiff's Motion for Preliminary Injunction.  See Defendant's Memorandum in Support of Motion for Expedited Discovery, p. 2 [Docket No. 16]).  Plaintiff is prepared for the affiants to be available for deposition on an expedited basis, but certain depositions should be limited in scope and time.

Seven of the affiants are third party policyholders and agents not within the control of Builders Mutual and living in several different states.  Their affidavits are only three (3) to four (4) pages in length each and simply address their respective recognition of the Builders Mutual mark, the reputation and services associated with that established mark, and the confusion likely to occur if another insurance company uses that same mark as part of its name.  Their depositions, if necessary at all, should be completed by telephone, should be strictly limited to the issues identified in their affidavits, and should be no more than 1-2 hours in length each, so that they will not be unduly inconvenienced and burdened by this trademark dispute between Plaintiff and Defendant which would only serve to disrupt these customers of Builders Mutual.

Three of the four remaining affiants are officers or directors of Builders Mutual, and will be available for deposition at its offices in North Carolina on mutually agreeable dates in the coming weeks.  Builders Mutual will also arrange to have the final affiant, an expert on the insurance industry, available for deposition on a prompt basis.  Nonetheless, the four (4)

depositions, to the extent necessary, should also be limited specifically to the matters raised in their affidavit and as relevant to the preliminary injunction hearing.  In turn, Plaintiff Builders Mutual expects that the Court will require Defendant to disclose sufficiently in advance of the preliminary injunction hearing an identification of the witnesses upon which Defendant intends to rely, either through live or affidavit testimony, so that Plaintiff may conduct limited depositions of these individuals as well.  For example, if the Court permits expedited discovery, Plaintiff would likely take the deposition of Defendant's president, Hoot Gibson, and its general counsel, James "Skip" Hutton, Jr., which depositions would be limited to matters relevant to the preliminary injunction, such as Defendant's prior knowledge of the federal registered "BUILDERS MUTUAL" mark and Plaintiff's website at www.buildersmutual.com.

In addition, written discovery requests should be limited in number and scope.  As counsel for Defendant has noted, the Eastern District of Missouri (per Judge Shaw) recently entertained a preliminary injunction on patent and trademark infringement claims.  See Furminator, Inc. v. Ontel Prods. Corp., No. 4:06-CV-23 CAS.  Though that case was substantially more complicated than the instant one, since it involved patent claim construction, infringement and invalidity issues as well as alleged infringement of an unregistered trademark, the Court only permitted ten (10) document requests per side and limited their scope only to "matters directly relevant to the preliminary injunction hearing." Id., Prehearing Order, dated Jan. 27, 2006 [Docket No. 26].  There is no justification in this action to permit uncontrolled, full-blown discovery on every aspect of this case, as Defendant now claims it wants.

Such limited and narrowly tailored discovery can be completed on an expedited discovery.  Properly narrow document requests could be served within a day or two of the Court's order scheduling a hearing and responses could be served the following week, so that

depositions could proceed sufficiently in advance of the preliminary injunction hearing and all expedited discovery could be completed at least one week before the hearing.  There is no need to delay a hearing on the irreparable harm and confusion caused by Defendant's infringement so that Defendant can conduct a fishing expedition into all aspects of this case.

**II.     THIS COURT SHOULD GRANT PLAINTIFF'S REQUEST FOR A PROMPT HEARING ON ITS MOTION FOR PRELIMINARY INJUNCTION.**

Builders Mutual understands that the Court is no longer available on November 19, 2008.  Accordingly, Plaintiff Builders Mutual respectfully submits that the hearing on its Motion for Preliminary Injunction should take place on November 24, 2008, more than five weeks after Defendant was served with the Motion.

Defendant erroneously claims that a prompt hearing is not necessary because "Plaintiff has waited almost four months from the date this dispute arose to file a Motion for Preliminary Injunction."  Defendant's Response at p. 4 [Docket No. 14].  In fact, Plaintiff filed its Motion for Preliminary Injunction on October 14, 2008, less than three months after its July 23, 2008, cease and desist letter.  Instead of responding, Defendant sought to cancel the Plaintiff's federally registered "BUILDERS MUTUAL" trademark.  See Exhibit H to Plaintiff's Ex. 23, Sowers Affidavit, Motion for Preliminary Injunction [Docket No. 5].  Irrespective of Defendant's action, Plaintiff has repeatedly attempted to resolve this matter amicably, discussing settlement alternatives for weeks and months as Defendant stretched out negotiations.  Finally, Defendant reflected that it anticipated Plaintiff would have to take action to protect its registered trademark.  Accordingly, Plaintiff moved forward promptly, filing this action on October 8th and the present Motion for Preliminary Injunction on October 14th.[1]

---

[1] Defendant also wrongly suggests that it was not served with a copy of the Complaint until October 15th.  In fact, Defendant was served (through its counsel) with the Complaint on

6

It is not credible that Defendant should not be prepared to defend its decision to infringe on Plaintiff's Registered Trademark.  As the evidence submitted in support of Plaintiff's Motion for Preliminary Injunction demonstrates, Defendant must have known of Builders Mutual and its registered trademark since at least December 10, 2007, when Defendant registered the domain names bldrsmutual.com and bldrsmutual.net, after finding out that buildersmutual.com was already owned by Plaintiff Builders Mutual.  See Plaintiff's Memorandum in Support of Motion for Preliminary Injunction, pp. 17-18 [Docket No. 5].  Defendant was formally notified of Plaintiff's objections to this infringement on July 23, 2008, after Builders Mutual saw a report from the country's top insurance rating service (A.M. Best) stating that "Builders' Mutual" had been given an "A-" rating, as opposed to the higher "A" rating Plaintiff had earned for many years.  See id., pp. 5-7.  Moreover, by the time of a hearing on November 24, 2008, Defendant will have had almost six weeks to prepare since the Motion for Preliminary Injunction was filed and served on its counsel.[2]

The fact is that courts across the country -- and in this District -- routinely hear preliminary injunctions within three to five weeks of the original motion.  See, e.g., Furminator,

---

October 9th -- the Complaint was attached as Exhibit A to the Motion of Builders Mutual to suspend Defendant's attempt to cancel Plaintiff's registered mark before the Trademark Trial and Appeal Board.  See Exhibit J, pp. 2-3 & 9, to Plaintiff's Ex. 23, Sowers Affidavit, Motion for Preliminary Injunction [Docket No. 5].  Formal service through a process server was effected for both the Complaint and the Motion for Preliminary Injunction on October 15, 2008, with a courtesy copy of the Motion (including all exhibits) having been hand delivered to counsel for Defendant on October 14, 2008.

[2] Defendant's counsel has thus far included at least five attorneys at the law firm of Polsinelli Shalton Flanigan Suelthaus PC.  The Polsinelli firm has more than 300 attorneys and recently announced its merger with Shughart Thomson & Kilroy, P.C., so that the combined firm will now be the second-largest law firm in Missouri and among the top 100 largest law firms in the country.  It stretches credulity to argue that a firm of this size has insufficient time or resources to prepare for a motion hearing a month from now, or that no attorneys in its intellectual property litigation group are available for a November 24th hearing.

Inc. v. Ontel Products Corp., No. 4:06-CV-23 CAS, Prehearing Order, dated Jan. 27, 2006 [Docket No. 26] (preliminary injunction motion filed on Jan. 24, 2006; hearing conducted on Feb. 14, 2006); Hydropartners, 2008 U.S. Dist. LEXIS 36042, at *4 (preliminary injunction motion filed on Apr. 3, 2008; hearing set for May 5, 2008); Sports Design, 871 F. Supp. at 1160, 1168 (N.D. Iowa 1995) (preliminary injunction motion filed on Jan. 3, 1995; hearing set on Jan. 26, 1995) (cited by Defendant at page 3 of its Memo. in Support of Motion for Expedited Discovery [Docket No. 16]).  A prompt hearing on Plaintiff's Motion for Preliminary Injunction is not only possible, but preferred in order to stop the continuing harm caused by Defendant's ongoing trademark infringement.  See, e.g., Coca-Cola Co. v. Purdy, 382 F.3d 774, 780, 790 (8th Cir. 2004); Cmty. of Christ Copyright Corp. v. Miller, No. 07-0543-CV-W-GAF, 2007 U.S. Dist. LEXIS 90531, at *7–8 (W.D. Mo. Dec. 7, 2007); Solutech, Inc. v. Solutech Consulting Serv., 153 F. Supp. 2d 1082, 1088 (E.D. Mo. 2000).

### III.  CONCLUSION

For the reasons set forth above, this Court should set Plaintiff's Motion for Preliminary Injunction for hearing on November 24, 2008, and require that, to the extent necessary, any discovery proffered by the parties be narrowly tailored to the issues raised by the Motion for Preliminary Injunction and be completed on an expedited basis in advance of the preliminary injunction hearing.

        Respectfully submitted,

        **LEWIS, RICE & FINGERSH, L.C.**

        By:   /s/ Michael J. Hickey
            Michael J. Hickey, #101931
            Bridget G. Hoy, #109375
            500 North Broadway, Suite 2000
            St. Louis, Missouri 63102
            Telephone: (314) 444-7600
            Facsimile: (314) 241-6056
            E-mail: mhickey@lewisrice.com
                      bhoy@lewisrice.com

Of Counsel:

Catherine R. Stuart, N.C. Bar #10193
**STUART LAW FIRM, PLLC**
1033 Wade Avenue, Suite 202
Raleigh, NC 27605-1155

*Attorneys for Plaintiff*
*Builders Mutual Insurance Company*

## CERTIFICATE OF SERVICE

    I certify that on the 27th day of October, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

                              /s/ Michael J. Hickey